UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARVA RICHARDSON**  CASE NO. 2:22-CV-06135

**VERSUS**  JUDGE JAMES D. CAIN, JR.

**D G LOUISIANA L L C**  MAGISTRATE JUDGE CAROL B. WHITEHURST

MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 24] filed by defendant DG Louisiana LLC ("Dollar General"). Plaintiff Marva Richardson opposes the motion. Doc. 27.

I.
BACKGROUND

This suit arises from injuries plaintiff sustained while shopping at a Dollar General store in Lake Charles, Louisiana. Specifically, plaintiff slipped in a green substance spilled near the entrance of the store. Doc. 7, att. 1, pp. 1–3. The substance resulted from a stress ball/toy broken by two children who were checking out around the time plaintiff entered the store. Doc. 24, att. 3, pp. 20–21, 25–26. Plaintiff filed suit in state court, raising negligence claims against Dollar General. Doc. 7, att. 1, pp. 1–3. Dollar General removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Dollar General now moves for summary judgment, asserting that it cannot be held liable because it lacked actual or constructive notice of the condition. Doc. 24. Plaintiff opposes the motion, arguing that the issues of fact exist as to Dollar General's notice. Doc. 27.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Dollar General's motion centers on the third element. Testimony establishes that Dollar General employee Mandi Broussard was checking out a woman and her three nephews a couple of minutes before plaintiff entered. Doc. 24, att. 3, pp. 26–27, 33–35, 39. The children were playing at a nearby endcap and arguing, with one saying, "You broke it. You broke it." *Id.* at 26. Ms. Broussard did not know at that point what "it" referred to and continued to check out the aunt as plaintiff entered. *Id.* at 33. Shortly after entering, plaintiff slipped on a green substance on the floor near the endcap, which was later identified as slime from a broken toy. *Id.* at 20–21. Plaintiff testified that she did not see any children when she entered, but did see others in the checkout line. Doc. 24, att. 2, pp. 66–67; doc.

27, att. 1. No receipts or video surveillance were produced to resolve this conflict in the testimony.

Before the boys and their aunt approached, Ms. Broussard could not see any hazards on the floor. Doc. 24, att. 3, pp. 39–40. She testified that she "hated" the stress balls and that they had popped on occasion from kids squeezing them too hard. *Id.* at 20–21. She could not recall any prior incidents at the store where they had caused a mess, however, and instead explained that she felt they were "gross." *Id.* at 16, 20–21.

"The defendant must actually know of the alleged hazardous condition in order to prove actual notice." *Gonzales v. Walmart La. LLC*, 2024 WL 400824, at *5 (W.D. La. Jan. 4, 2024). While Ms. Broussard admitted to her knowledge of facts that could support the need for further investigation, she did not see the green substance until after plaintiff had slipped in it.[1] Constructive notice, on the other hand, is defined under the statute as follows:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1). Accordingly, a plaintiff must show that the condition existed for such a period of time that it would have been discovered by an employee in the exercise of reasonable care. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1086 (La. 1997).

---

[1] The store manager, Marti Triche, testified that she was in the back of the store and had no knowledge of the spill until after plaintiff's accident. Doc. 24, att. 4, pp. 11–12, 24.

"Whether the period is sufficiently lengthy that the merchant should have discovered the condition is necessarily an issue of fact." *Sheffie v. Wal-Mart La. LLC*, 134 So.3d 80, 84 (La. Ct. App. 5th Cir. 2014) (citing *Barrios v. Wal-Mart Stores, Inc.*, La. Ct. App. 1st Cir. 2001)).

Plaintiff's evidence shows that the spill occurred prior to her entrance and that a nearby employee had knowledge of circumstances warranting inspection of the area where the children were standing. While the employee did not see the substance on the floor and did not know of any prior incidents with this product, she was aware that something had been broken and that the stress balls stocked in that area that could pop and make a mess. Given plaintiff's testimony that she saw additional people in line but not any children, an issue of fact remains as to exactly how long the spill remained. The court cannot determine whether there was sufficient time to impose constructive notice on the store, especially in light of the employee's knowledge of facts supporting a need for further investigation. Accordingly, the plaintiff has provided sufficient positive evidence to withstand summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 24] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 11th day of September, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**