UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARVA RICHARDSON**  **CASE NO. 2:22-CV-06135**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**D G LOUISIANA L L C**  **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 32] filed by defendant DG Louisiana LLC ("Dollar General") opposes the motion. The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from injuries plaintiff, Marva Richardson, sustained while shopping at a Dollar General store in Lake Charles, Louisiana, on November 26, 2021. Specifically, plaintiff alleges that she slipped in a green substance spilled near the entrance of the store. Doc. 7, att. 1, pp. 1–3. The substance resulted from a stress ball/toy broken by children who were checking out around the time plaintiff entered the store. Doc. 24, att. 3, pp. 20–21, 25–26. Plaintiff filed suit in state court, raising negligence claims against Dollar General. Doc. 7, att. 1, pp. 1–3. Dollar General removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

The matter is set for jury trial before the undersigned on November 18, 2024. Dollar General now moves to exclude evidence of OSHA investigations into certain Dollar

General stores. Doc. 32. Plaintiff has filed no response within the court's briefing deadlines. Accordingly, the motion is regarded as unopposed.

## II.
### LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

At the 30(b)(6) deposition of Dollar General, plaintiff questioned the corporate representative about an OSHA investigation into Dollar General stores that may have resulted in fines or violations. Dollar General maintains that there is no evidence that these investigations applied to the store involved in plaintiff's slip and fall. The court agrees that any mention of such investigations would be unduly prejudicial without a greater showing of relevancy. Accordingly, the motion will be granted. The court will reconsider if plaintiff can lay a proper foundation.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 32] be **GRANTED** and that any evidence of mention of OSHA investigations be excluded.

**THUS DONE AND SIGNED** in Chambers on the 8th day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**