UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARVA RICHARDSON** | **CASE NO. 2:22-CV-06135** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **D G LOUISIANA L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 31] filed by plaintiff Marva Richardson. Defendant DG Louisiana LLC ("Dollar General") opposes the motion. Doc. 35.

### I.
### BACKGROUND

This suit arises from injuries plaintiff sustained while shopping at a Dollar General store in Lake Charles, Louisiana, on November 26, 2021. Specifically, plaintiff alleges that she slipped in a green substance spilled near the entrance of the store. Doc. 7, att. 1, pp. 1–3. The substance resulted from a stress ball/toy broken by children who were checking out around the time plaintiff entered the store. Doc. 24, att. 3, pp. 20–21, 25–26. Plaintiff filed suit in state court, raising negligence claims against Dollar General. Doc. 7, att. 1, pp. 1–3. Dollar General removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

The matter is set for jury trial before the undersigned on November 18, 2024. Plaintiff now brings this motion in limine, seeking to exclude evidence of (1) plaintiff's

prior claims, lawsuits, and/or settlements; (2) her wages; and (3) her status as a Medicaid recipient. Doc. 31. Dollar General opposes the motion. Doc. 35.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Past claims

Plaintiff first requests that the court exclude any evidence relating to prior claims, lawsuits, and/or settlements. To this end she argues that "[a] vast majority of the prior claims" involve different types of injuries than this accident, which allegedly impacted her neck and lower back, and are therefore irrelevant. In the alternative, however, she asks that the court limit the evidence to the injury alone and omit any mention of a related lawsuit lest she be painted as a litigious person. Dollar General opposes the motion, arguing both that the past injuries are relevant to causation and that plaintiff's history of filing lawsuits may bear on her credibility.

In her deposition plaintiff admitted to involvement in the following:

1) A pending lawsuit on behalf of her daughter, a minor, who was electrocuted in a swimming pool. Doc. 35, att. 1, pp. 31–32.

2) A suit filed by another driver against plaintiff's automobile insurance following a car accident. Doc. 31, att. 3, p. 33.

3) A claim for injuries made against another driver's insurance following a car accident, in 2013. *Id.* at 34–36.

4) A claim following a slip and fall in the parking lot of the Calcasieu Council on Aging in 2018. *Id.* at 36–39.

5) A lawsuit against a local plant following a 2013 chemical release. *Id.* at 94.

Plaintiff settled her claims relating to the 2013 car accident and 2018 slip and fall without filing suit, but to her knowledge the suit relating to the chemical release is still pending. *Id.* at 35–36, 38–39, 94. The 2018 slip and fall resulted in injuries to her hand and knee, while the 2013 car accident resulted in neck, lower back, and knee injuries. *Id.* at 35–39.

Although the 2013 accident occurred eight years before the alleged injuries in this suit, the court lacks necessary information on the severity of those injuries and whether plaintiff has sought any treatment or complained of any symptoms in the years since. Accordingly, evidence of the plaintiff's prior neck and lower back injuries may be relevant to causation in this suit, subject to the defendant's ability to lay a proper foundation. The court finds no basis to permit evidence of injuries to other body parts or plaintiff's involvement in any other litigation at this stage, however. The only potential relationship to her credibility is her failure to recall the 2013 suit when asked about past chemical exposure.[1] At this juncture the court determine the extent to which other evidence in this case will place her credibility at issue. The motion is therefore **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**: defendant may only put on evidence and argument relating to injuries sustained in the 2013 car accident, and the court will determine after hearing other testimony whether the 2013 chemical exposure suit/her failure to immediately recall it has sufficient probative value. Otherwise, no argument or

---

[1] At her deposition plaintiff initially responded, "Not that I can recall" when defense counsel asked if she had ever been exposed to chemicals. When her counsel brought up the 2013 suit, which arose from a fire at the Axiall plant and a resulting chemical release, she stated: "Lord, that's been so long ago. We were at Carla's house that day, yes. Yes." Doc. 35, att. 1, pp. 93–94.

evidence relating to any other claim or lawsuit filed by plaintiff (including claims made relating to the 2013 car accident) will be admitted.

2. **Wages**

Plaintiff also seeks to exclude evidence of her earnings, noting that she is not making a claim for lost wages. At her deposition, she testified that she did not have fulltime employment but had her own baking business and did occasional work for a local attorney. Doc. 35, att. 1, pp. 29–30. Defendant notes, however, that plaintiff has described difficulty with household duties and limits on her ability to walk or stand for long periods of time since her injuries giving rise to this suit. *Id.* at 83. Accordingly, it maintains that evidence relating to her employment may be relevant to a claim for loss of enjoyment of life. As plaintiff notes, however, loss of enjoyment of life "refers to the detrimental alterations of a person's life or lifestyle or a person's inability to participate in the activities or pleasures of life that were formerly enjoyed." *Alexander v. Tate*, 30 So.3d 1122, 1132 (La. Ct. App. 3d Cir. 2010) (quoting *McGee v. A C & S Inc.*, 933 So.2d 770, 773 (La. 2006)). If plaintiff confines her evidence to these areas, then there is no reason to explore the accident's impact on her baking business and income. Instead, such evidence might lead the jury to believe that she is exaggerating her injuries for money due to her lower socioeconomic status. Accordingly, the motion will be **GRANTED** in this regard.

3. **Medicaid recipient status**

Plaintiff also moves to exclude any evidence showing that she is a Medicaid recipient, on the grounds that it will unduly prejudice the jury against her based on her lower socioeconomic status. Defendant points out that plaintiff can only recover the

amount paid by Medicaid and not the amount of medical expenses billed—that is, she is not entitled to recover for any "write-offs" for medical care billed to Medicaid. *Jackson v. Family Dollar Stores of La., Inc.*, 2020 WL 6092343, at *1 (W.D. La. Oct. 15, 2020) (citing *Bozeman v. State*, 879 So.2d 692 (La. 2004)). Defendant also shows that Medicaid was also billed for at least one visit, to Fast Pace Urgent Care, resulting in only $33.22 paid on an invoice of $96.00. *See* doc. 35, att. 2. Plaintiff maintains that the Fast Pace invoice is not included in her medical expenses, which total $248,045.03. Doc. 37, p. 5. She further argues that that visit was the only time her Medicaid card was used in connection with her treatment from this action. *Id.* at 5–6.

Absent evidence that plaintiff's providers accepted Medicaid as payment for the treatment for which she now seeks damages in this case, the court agrees that plaintiff's status as a Medicaid recipient has no probative value and instead poses undue risk of prejudice. Accordingly, the motion is **GRANTED** in this regard.

### III.
#### Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 31] be **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** as described above.

**THUS DONE AND SIGNED** in Chambers on the 9th day of October, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE